UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DELORIS BEST, KYWANI BEST AND IESHIA BEST
AS AN INDIVIDUAL AND AS THE PARENT AND
GUARDIAN OF THE INFANTS JAVON BEST AND
AL-LESHA BEST,

                                    Plaintiffs,          **AMENDED COMPLAINT**

        -against-                                        **05 cv 9905 (MBM) (HP)**

NEW YORK CITY, DETECTIVE CHET WILSON
SHIELD # 2609, DETECTIVE DEXTER POWERS
SHIELD # 6200, SERGEANT DILAPI and
UNIDENTIFIED NEW YORK CITY                              **JURY TRIAL DEMANDED**
POLICE OFFICERS.

                                    Defendants.
-------------------------------------------------------------------X

        The plaintiffs, complaining of the defendants, by their attorney, FRED

LICHTMACHER, ESQ., respectfully show to this Court and allege:


                            **JURISDICTION**

1       Jurisdiction is founded upon the existence of a Federal Question.

2       This is an action to redress the deprivation under color of statute, ordinance,

regulation, custom, or usage of  rights, privileges, and immunities secured to the

plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United

States pursuant to 42 U.S.C. § 1983.

3       Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4       Venue is appropriate pursuant to 28 U.S.C.§ 1391 (b) (1 & 2).

5       That this Court has jurisdiction to adjudicate plaintiffs' state claims pursuant to

28 U.S.C. § 1367.

                                    -1-

**PARTIES**

6      That the plaintiffs, DELORIS BEST, KYWANI BEST and IESHIA BEST and in the case of IESHIA BEST both as an INDIVIDUAL and as the PARENT AND GUARDIAN of the infants JAVON BEST and AL-LESHA BEST and that all the aforementioned are residents of Bronx County in the City and State of New York.

7      That the plaintiffs are African-American.

8      Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants DETECTIVE CHET WILSON SHIELD # 2609, DETECTIVE DEXTER POWERS SHIELD # 6200, SERGEANT DILAPI and Unidentified New York City Police Officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment as members of the New York City Police Department (NYPD).

9      Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983 as well as pursuant to the common law of the State of New York.

12     Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

13     On September 1, 2005 at approximately 5:30 a.m. the plaintiffs were sleeping in their apartment located at 380 East 143rd Street Apartment 2B, Bronx, New York 10454, when they heard the front door of their apartment being broken down.

14     Members of the NYPD broke down the door, punched Kywani Best in the stomach and threw him to the floor.

15     Ieshia Best was thrown to the floor.

16     Deloris Best was put forcefully on the floor.

17     Infant Javon Best had guns pointed at him by the defendants who were screaming and cursing at him and at his younger sister, Al-lesha Best.

18     The apartment was ransacked by the officers who did not show either an arrest or search warrant and who were illegally in the apartment without probable cause.

19     Deloris Best, a 62 year old woman, was scantily clad as she had been sleeping and her partially exposed body was viewed by the group of officers, all men, who handcuffed and kept her from being covered for about three to four hours.

20     Deloris Best was denied her medication for her several illnesses.

21     Deloris Best was not allowed to use the bathroom as she sat on the couch in

handcuffs for about three to four hours and she was forced to urinate on herself.

22      Ieshia Best was told her children were going to be taken away from her in spite of her not having committed any crimes.

23      Kywani Best was handcuffed with metal handcuffs that were excessively tight and as a result of which he sustained permanent scarring on his wrists.

24      Despite not finding any contraband in their search the officers arrested Kywani and Ieshia Best and brought them out of their home in handcuffs humiliating them in front of their neighbors, and placed them in a police car.

25      Kywani and Ieshia Best were placed in a hot police car with the windows closed for hours.

26      Ieshia and Kywani were brought to the precinct where Kywani Best was illegally strip searched and no contraband was found.

27      After close to eighteen hours in custody, Kywani and Ieshia Best were released from central booking without being brought before a judge and without charges being brought against them.

28      Several pieces of plaintiffs' furniture and other property were damaged including a broken door and their house being ransacked and left in messy and disarranged condition with furniture overturned and strewn around the house.

29      The officers ransacked the plaintiffs' apartment and it took the plaintiffs approximately one week to put it back in order.

30      The infants Jayvon and Al-lesha were terrified and traumatized and to this day they are terrified and distrustful of the police who displayed guns, ransacked their home, used obscenities in their presence and who abused their family members in front of them.

31      Dolores Best and Kywani Best, each lost a day's work and a day's wages.

32      That on or about October 11, 2005, a Notice of Claim was served on the Comptroller of the City of New York.

33      That more than 30 days have passed since plaintiff's Notice of Claim has been served upon the Comptroller and no effort to adjust or settle plaintiff's claim has been made.

34      That 50H Hearings were noticed but not yet conducted as to plaintiffs.

35      That this cause of action is commenced within one year and ninety days of when this cause of action arose.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA**
**THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

36      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37      That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution, made applicable

38       to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs DELORIS BEST, KYWANI BEST and IESHIA BEST were unlawfully subjected to excessive and unreasonable force, by the defendants.

39      That the battery of the plaintiffs was effected by defendants without authority of law and without any reasonable necessity to use any force, much less the excessive force that they employed, and the force employed was used without legal justification, without

plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

40      As a direct result of defendant's actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from the use of excessive and unreasonable force.

41      That by reason of the unlawful use of excessive and unreasonable force, including via the excessively tight handcuffing of KYWANI BEST, the plaintiffs were harmed physically, plaintiffs were subjected to physical pain, KYWANI BEST was permanently disfigured, plaintiffs were subjected to humiliation, embarrassment, anxiety, they were subjected to various emotional harms, and that plaintiffs were otherwise harmed.

42      That by reason of the aforesaid, the plaintiffs DELORIS BEST, KYWANI BEST and IESHIA BEST have been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS (each), plaintiffs are entitled to awards of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KYWANI BEST
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
### AN ILLEGAL STRIP SEARCH

43      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44      That the plaintiff KYWANI BEST's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the

Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was illegally strip searched by the defendants.

45     That by reason of the unlawful strip search, the plaintiff was subjected to humiliation, embarrassment, anxiety, that he was subjected to various emotional harms, and that plaintiff was otherwise harmed.

46     That by reason of the aforesaid, the plaintiff KYWANI BEST has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, he is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA BATTERY

47     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

48     That the defendant NYC is vicariously liable to the plaintiffs for the individual defendants' common law torts via the principle of *respondeat superior*.

49     That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

50     That the defendants committed a battery on the plaintiffs in that their touching of the plaintiffs was harmful, unconsented, and unjustified and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York law.

-7-

51      That the defendants by punching Kywani Best in the stomach, throwing him to the floor, and by handcuffing him in excessively tight metal handcuffs causing permanent scarring to his wrist, by throwing Ieshia Best to the floor, by forcefully putting Deloris Best on the floor and by handcuffing the three aforementioned plaintiffs committed batteries.

52      That by reason of the unlawful batteries of the plaintiffs, they were subjected to humiliation, embarrassment, anxiety, physical pain and suffering and that the plaintiff Kywani Best was permanently disfigured and scarred and that the plaintiffs were subjected to various emotional harms, and that plaintiffs were otherwise harmed.

53      That by reason of the aforesaid, the plaintiffs  Kywani Best, Ieshia Best and Deloris Best have been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS (each), and the plaintiffs are entitled to awards of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS UNDER
NEW YORK STATE LAW
ASSAULT**

54      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

55      That on the aforementioned date, time and place the defendants committed the tort of assault against the plaintiffs by causing them to be in apprehension of an imminent, harmful and offensive touching and in so doing defendants violated the laws

and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York law.

56    That by reason of the aforesaid, committed by defendants, plaintiffs suffered and continue to suffer emotional injuries and that they were otherwise damaged.

57    That by reason of the aforesaid the plaintiffs have been damaged in a  sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS (each), they are entitled to awards of punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**NEW YORK STATE TORT CLAIM**
**NEGLIGENT HIRING, TRAINING RETAINING**

58    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

59    That the defendant, NYC, was negligent, careless, reckless and deliberately indifferent in hiring, retaining, improperly training and supervising, as and for its employees the defendants in the instant matter.

60    Defendants in the instant matter lacked the experience, deportment, ability and temperament to be employed by NYC.

61    Defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendants employees who lacked the mental capacity and the ability to function as employees of NYC.

62    Defendant failed to investigate the above-named defendant's background in that

NYC hired and retained as employees of the NYPD individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees.

63      That the defendant, NYC failed to train its employees to control their tempers and exercise the proper deportment and temperament; to use force prudently and only when necessary; to not frighten children unnecessarily while functioning as officers; to not conduct searches and seizures without probable cause; to not falsely arrest persons without probable cause; to not damage property in the course of searches; to allow persons to use bathrooms when necessary when they are in custody; to not conduct strip searches without probable cause; to allow people to have adequate clothing when in custody so as not to expose them to embarrassment; to diligently research the address of drug locations before presenting evidence to the Court in support of an application for a search warrant and to otherwise act as reasonably prudent officers and in so doing the defendant NYC, its agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

64      That the aforesaid occurrences and resulting injuries to plaintiffs' minds, bodies, property  and pecuniary harms therefrom, were caused wholly and solely by reason of the negligence of the defendant NYC, its agents, servants and employees without any negligence on the part of the plaintiffs.

65      That by reason of the aforementioned, plaintiffs were harmed physically, their property was damaged, their home was ransacked, the infant plaintiffs were traumatized, Deloris Best was forced to urinate on herself and to be exposed in inadequate clothing in front of strange men, plaintiffs were assaulted and battered, they were humiliated in front

of their neighbors, they were falsely arrested, they were defamed, Kywani Best was unnecessarily strip searched and that they were otherwise harmed.

66      That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS (each), and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SIXTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
VIA FALSE ARREST**

67      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

68      That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, as made applicable to the states via the Fourteenth Amendment to the United States Constitution in that the plaintiffs were falsely arrested by the defendants.

69      That the defendants confined the plaintiffs, in that plaintiffs were not free to leave, defendants intended to confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not consent to confinement and confinement was not otherwise privileged.

70      As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the  Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' right to be free from arrest without probable cause.

71      That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

72      That the various defendant Officers Identified and Unidentified who knew of the false arrest and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

73      That by reason of the unlawful arrest, plaintiffs were subjected to an illegal arrest and confinement, they incurred emotional harms, they suffered pecuniary harms, humiliation, mental anguish, embarrassment, anxiety, their reputations in the community were impaired and they were prevented from performing their necessary affairs of business and that they were otherwise injured.

74      That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed FIVE HUNDRED THOUSAND  ($500,000.00) DOLLARS (each) plus an award of punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
### AN UNREASONABLE SEARCH AND SEIZURE

75      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

76      That the plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiffs were

subjected to an illegal, unwarranted and unreasonably executed search and seizure.

77      That the plaintiffs home was unreasonably entered without probable cause to believe a crime had been, or was about to be, committed.

78      That the plaintiffs' home was searched in an unreasonable manner in that property was damaged and destroyed and things were chaotically thrown about plaintiffs' home.

79      That the plaintiffs' rooms, including their bedrooms and bathroom, were entered and searched illegally with the plaintiffs in said rooms and in various degrees of undress.

80      Deloris Best was unreasonably denied use of the bathroom resulting in her urinating on herself.

81      Deloris Best was unreasonably denied an opportunity to put on clothing.

82      Plaintiffs were unreasonably handcuffed without legal justification.

83      Plaintiff Kywani Best was unreasonably placed in excessively tight handcuffs, resulting in permanent scarring.

84      Deloris Best was unreasonably denied access to her medications without legal justification.

85      All plaintiffs were detained without legal justification.

86      Infant plaintiff unreasonably had a gun pointed at him.

87      Infant plaintiffs unreasonably had defendants screaming at them.

88      That various defendant Officers Identified and Unidentified who knew of the unreasonable search and seizure and allowed the illegal unreasonable search and seizure of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

89      That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS (each) plus an award of punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A EIGHTH  CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS VIOLATION OF PLAINTIFFS'
RIGHTS PURSUANT TO NEW YORK STATE LAW
VIA FALSE ARREST**

90      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

91      That the plaintiffs' rights have been violated by the defendants pursuant to the law of the State of New York by the common law tort of false arrest.

92      That the defendants confined the plaintiffs, in that plaintiffs were not free to leave, defendants intended to confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not consent to confinement and confinement was not otherwise privileged.

93      As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the law of the State of New York being more particularly plaintiffs' right to be free from arrest without probable cause.

94      That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

95      That by reason of the unlawful arrest, plaintiffs were subjected to an illegal confinement, they incurred emotional harms, humiliation, mental anguish,

-14-

embarrassment, anxiety, their reputation in the community was impaired and they were prevented from performing their necessary affairs of business and that they were otherwise injured.

96     That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed FIVE HUNDRED THOUSAND($500,000.00) DOLLARS (each)  plus an award of punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A NINTH  CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS VIOLATION OF PLAINTIFFS'
RIGHTS PURSUANT TO NEW YORK STATE LAW
VIA PROPERTY DAMAGE**

97     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

98     That the plaintiffs'  rights have been violated by the defendants pursuant to the law of the State of New York by the common law tort of property damage.

99     That the defendants damaged and broke plaintiffs' property without legal justification.

100    That by reason of the aforesaid, the plaintiffs' were harmed in an amount to be determined at trial.

**AS AND FOR A TENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE EQUAL PROTECTION CLAUSE
OF THE FOURTEENTH AMENDMENT**

101    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the

prior paragraphs with the same force and effect as is more fully and at length set forth herein.

102     That the plaintiffs' rights have been violated under the Equal Protection Clause of the Fourteenth Amendment.

103     That the plaintiffs were treated in a disparate and worse manner than similarly situated Caucasians by the defendants.

104     That the disparate treatment of the plaintiffs was motivated by their being African-American.

105     That the plaintiffs' house would not have been illegally entered without probable cause had they not been members of a minority group.

106     That Deloris Best would not have been subjected to having her scantily clad body exposed to the view of strangers had she not been African-American.

107     That Kywani Best would not have been punched in the stomach, brought to the precinct, placed in excessively tight metal handcuffs, or strip-searched were it not for the fact that he is African-American.

108     That the plaintiffs would not have been subjected to the use of excessive force were it not for the fact that they were African-Americans.

109     That the plaintiffs' house would not have been ransacked were it not for the fact that they were African-Americans.

110     That the plaintiffs' would not have been subjected to the various harms they were subjected to were it not for the fact that they were African-Americans.

111     That by reason of the aforementioned, plaintiffs were subjected to an illegal confinement, they incurred emotional harms, physical harms, permanent disfigurement,

humiliation, mental anguish, embarrassment, anxiety, their reputation in the community was impaired, their property was damaged, destroyed and removed, they were assaulted, Kywani Best was placed in excessively tight metal handcuffs which left permanent scars on his wrists, Kywani Best was strip searched, Deloris Best was denied her medications and denied adequate clothing and that all the plaintiffs were prevented from performing their necessary affairs of business and that they were otherwise injured.

112   That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS (each) plus an award of punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT BY DEFENDANT NEW YORK CITY i.e., MONELL CLAIM

113   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

114   That the plaintiffs' rights have been violated under the Fourth Amendment and Fourteenth Amendments by the defendant, NYC.

115   Defendant NYC and unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiffs' rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain,

supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

116    Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the use of excessive and unreasonable force and in so failing the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case, to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiffs to be subjected to deprivations of their civil rights.

117    That the defendant municipality, NYC, alerted to the recurring problem of the use of excessive force by its police officers exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

118    That the defendant municipality, NYC, has been alerted to the use of illegal entries and searches conducted without probable cause and premised on insufficient information conducted by members of the NYPD and that the NYPD has allowed such searches to be conducted without repercussions to the officers who engage in such behavior.

119    That the defendant municipality, NYC, has been alerted to the recurring problem of the use of strip searches without probable cause and without legal necessity being

conducted by members of the NYPD and that the NYPD has allowed such searches to be conducted without repercussions to the officers who engage in such behavior.

120    That the defendant municipality, NYC, has been alerted to the recurring problem of destruction of property by officers in the course of performing searches and that the NYPD has allowed such searches to be conducted in such a manner without repercussions to the officers who engage in such behavior.

121    That the defendant municipality, NYC, has been alerted to the recurring problem of members of the NYPD not allowing people being searched to put on clothing adequate to prevent embarrassment in the course of performing searches and that the NYPD has allowed such searches to be conducted without repercussions to the officers who engage in such behavior.

122    That the defendant municipality, NYC, has been alerted to the recurring problem of members of the NYPD treating minorities in a disparate and worse manner than non minorities and that the NYPD has allowed such behavior to continue without repercussions to the officers who engage in such behavior.

123    That by reason of the aforementioned, as well as other de facto policies of the NYPD, plaintiffs were harmed physically, their property was destroyed, their home was ransacked, the infant plaintiffs were traumatized, Deloris Best was forced to urinate on herself and to be exposed in inadequate clothing in front of strange men, plaintiffs were assaulted and battered, they were humiliated in front of their neighbors they were falsely arrested, defamed and that they were otherwise harmed.

124    That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS each, and that an

award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

      **WHEREFORE**, plaintiffs demands judgment against the defendants in a sum not to exceed FIVE HUNDRED THOUSAND  ($500,000.00) DOLLARS and punitive damages for plaintiffs  DELORIS BEST, KYWANI BEST AND IESHIA BEST on the First Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages for plaintiff KYWANI BEST on the Second Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages for plaintiffs DELORIS BEST, KYWANI BEST and IESHIA BEST and punitive damages on the  Third Cause of Action; in a sum not to exceed FIVE   HUNDRED   THOUSAND ($500,000.00) DOLLARS (each) and punitive damages on the Fourth Cause of Action;  in a sum not to exceed in a sum not to exceed FIVE HUNDRED THOUSAND   ($500,000.00) DOLLARS each on the Fifth Cause of Action; in a sum not to exceed FIVE  HUNDRED THOUSAND ($500,000.00) DOLLARS (each) and punitive damages on the Sixth Cause of Action; in a sum not to exceed FIVE   HUNDRED   THOUSAND ($500,000.00) DOLLARS (each) and punitive damages on the Seventh Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS (each) and punitive damages on the Eighth Cause of Action; in a sum to be determined at trial on the Ninth Cause of Action; in the sum of FIVE HUNDRED THOUSAND ($500,00.00) DOLLARS (each) and punitive damages on the Tenth Cause of Action; and in the sum of FIVE HUNDRED THOUSAND ($500,00.00) DOLLARS (each) on the Eleventh Cause of Action along with reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on all causes of actions together with costs and disbursements of this action; a trial by jury of all issues

-20-

involved in this complaint; and such other and further relief as this Court may deem just

and proper under the circumstances.

Dated: June 20, 2006
        New York, New York

                                    _____
                                    FRED LICHTMACHER (FL-5341)
                                    Attorney for Plaintiffs
                                    60 East 42nd Street Suite 2001
                                    New York, New York 10165
                                    (212) 922-9066


To:     Brian Morgan
        Assistant Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007
        (212) 788 7811